## CIRCUIT COURT OF WISE COUNTY

Michael Potter

     v.

Cuba Mullins

April 13, 1988

Case No. M88-95

By JUDGE J. ROBERT STUMP

This is an appeal of contempt from the Juvenile and Domestic Relations District Court.

Cuba Mullins (mother) and Michael Potter (father) were husband and wife. They were divorced by final decree dated October 4, 1985. A separation agreement dated January 3, 1985, was "incorporated" . . . "ratified, affirmed and approved" in the decree.

The agreement, prepared by the wife's attorney, provided, "Husband will list the infant children as dependents on his tax return in the future." and "The parties agree to execute any and all documents . . . or other papers which may be necessary to effectuate the terms of this agreement." In addition, the decree further ordered, "Husband shall list the infant children as dependents on his tax return in the future."

The separation agreement and the decree further provided that "there shall be joint and/or shared custody"; that the mother would be the "primary caretaker" (custodial parent) of the two children; and that the father would pay $150.00 per month per child as support. The total monthly child support has now been increased by the Juvenile and Domestic Relations District Court order to $350.00.

The father brought this action alleging the mother should be held in contempt of the Circuit Court decree for failure to sign document (an IRS Form 8332 Release of Claim to Exemption for Child of Divorced Parents) to allow that "husband shall list infant children as dependents on his tax return."

Under the tax law before January 1, 1985, the custodial spouse generally was entitled to the tax exemption for dependent minor children. However, if the noncustodial spouse provided more than one-half of the child's support, and this exceeded $1200.00 per taxable year, the noncustodial parent would receive the exemption. 26 U.S.C.A. IRC Sec. 152(e)(2)(A).

The tax law amended on January 1, 1985, (two days before the agreement was signed) provided that in all cases the child living with the custodial parent shall be treated as providing more than one-half the support and should receive the deduction except when such custodial parent files a written release (Form 8332) of the dependency exemption claim. 26 U.S.C.A. IRC § 152(e)(2).

The court is of opinion beyond a reasonable doubt that the intent of the separation agreement and the decree are clear that the father would be entitled to tax exemptions on the two children until they reach age eighteen. The agreement and decree were prepared by the mother's attorney and therefore must be construed against her interest and favorable to the father. Although the decree and agreement do not specifically say that the mother shall sign an exemption form to release her claim, the legal interpretation is unmistakable, favoring the father. Furthermore, the agreement as approved by the court decree provides that the mother agrees to execute any document necessary to effectuate the terms of this agreement. She now refuses.

Moreover, the father is providing $2100.00 support per child per year; and the mother is unemployed, has income, but she did not testify to the amount. Under the former tax law, the amount of $1200.00 was the test for the noncustodial parent providing more than one-half of the support (now the tax law refers to $600.00). Here the father is far exceeding the minimum sum of $1200.00 as annual support for each child. Therefore, it appears fair to find that the father is providing more than one-half

of the minor dependents support, even though he is the noncustodial parent.

Therefore, the court finds beyond a reasonable doubt for all the above reasons that the mother, Cuba Mullins, shall be found in contempt of court decree for refusing to execute the necessary document (IRS Form 8332) to effectuate the true intent of the separation agreement and the court decree, which is that the father shall be entitled to the tax exemptions for his two minor children. The mother shall be fined $500.00.

It is the court's opinion that the mother (pursuant to legal advice) "acted in good faith without any design, wish or expectation of committing any contempt of court," when she refused to sign the Release of Claim to Exemption. Therefore, since the mother denies any evil intention, she will be allowed to purge her contempt by executing IRS Form 8332 allowing the father the tax exemptions on the two minor children.